CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 24 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:14-CR-0020 |
| v. ) | |
| ) | |
| DEAN ALLEN ROBERSON, ) | |
| ) | By: Michael F. Urbanski |
| Defendant ) | Chief United States District Judge |

## MEMORANDUM OPINION

Dean Allen Roberson, represented by counsel, seeks a reduction in his sentence pursuant to Hughes v. United States, 138 S.Ct. 1765 (2018). ECF No. 37. He asserts that he is entitled to a reduction of his sentence from 180 months to 130 months. The government agrees that Roberson is entitled to relief under Hughes, but argues that his sentence should be reduced to 155 months. ECF No. 39. For the reasons set forth below, the court **GRANTS** Roberson's motion for relief and **REDUCES** his sentence to 155 months.

I.

On May 21, 2014, Roberson entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) where he pleaded guilty to one count of conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). This count carried a minimum statutory penalty of a 10-year term of imprisonment. ECF No. 18. Roberson also pleaded guilty to one count of distribution of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1). As part of the plea agreement, the government withdrew an information it had filed pursuant to 21 U.S.C. § 851 subjecting Roberson to an increased penalty for a prior felony drug

conviction. Id. The parties agreed that an appropriate sentence would be between 180 months (15 years) and 204 months (17 years). Roberson entered a guilty plea the same day. ECF Nos. 15, 19. On August 27, 2014, Roberson was sentenced to a term of 180 months to be followed by a 5-year term of supervised release. ECF Nos. 27, 29.

## II.

Roberson asserts that he is entitled to the relief afforded by Hughes to defendants who entered plea agreements pursuant to Rule 11(c)(1)(C). Hughes held that defendants who were sentenced pursuant to a Rule 11(c)(1)(C) agreement are eligible for a sentence reduction based on Amendment 782 to the Sentencing Guidelines range if that range were part of the framework the district court relied on in imposing the sentence. Hughes, 138 S.Ct. at 1175. The government agrees that Roberson is entitled to relief under Hughes.

The parties disagree about the number of months by which Roberson's sentence should be reduced. Pursuant to the guidelines in effect when Roberson was sentenced, Roberson's base offense level was 32 based on at least 50 but less than 150 grams of methamphetamine (actual). He received a 3-point decrease for acceptance of responsibility for a total offense level of 29. His total offense level coupled with his criminal history category of VI resulted in a sentencing range of 151-188 months. ECF No. 31 ¶ 62. Under the amended guidelines, Roberson's base offense level based on drug weight would be 30 and his total offense level would be 27, which, with his criminal history category of VI, would give him a guidelines range of 130 to 162 months.

2

Roberson's original sentence of 180 months was at the high end of the guidelines. A proportionate sentence under the new guidelines would be 155 months and the government argues that such a sentence would be appropriate.

Roberson asserts that under United States Sentencing Guideline § 1B1.10, the court could reduce his sentence to the bottom of the guideline range, or 130 months, and argues that 130 months would be an appropriate sentence. First, he points out that the First Step Act changed the enhanced penalties for defendants with a prior felony drug offense. Had Roberson been sentenced without a plea agreement, he would have received a 20-year mandatory sentence based on his prior felony drug offense. 21 U.S.C. § 841(b)(1)(A) (2014). The mandatory sentence for a § 851 enhancement has been decreased to 15 years. 21 U.S.C. § 841(b)(1)(A) (2018). Roberson contends that the sentence that was assessed was 60 months lower than the mandatory minimum sentence of 20 years he would have faced absent the plea agreement, and that a similar adjustment based on the current 15-year enhancement would be 120 months. Recognizing that the court cannot reduce Roberson's sentence below the guidelines range of 130 months, he suggests that 130 months would be an appropriate sentence.

Roberson offers no authority to support his claim that the court can consider changes brought about by the First Step Act when contemplating a sentence reduction under Hughes. Only one case was found addressing a similar argument and the district court rejected it. See United States v. Lizarraras-Chacon, No. 3:11-CR-00517-HZ, 2020 WL 137455 (D. Or. 2020) appeal docketed, No. 20-30001 (9th Cir. Jan. 14, 2020). The district court noted that the defendant's arguments regarding the current state of the law surrounding a mandatory

minimum, to which he was not sentenced, challenged an aspect of a sentence not affected by the change to the guideline range and that Amendment 782 did not retroactively amend the minimum in place when he was sentenced. Id., 2020 WL 137455 at *3. The court further noted that to the extent the defendant was arguing that changes to the relevant mandatory minimum under United States v. Valencia-Mendoza, 912 F.3d 1215 (9th Cir. 2019),[1] and the First Step Act of 2018 changed the analysis of the § 3553(a) factors, he had failed to explain how changes to a mandatory minimum might fit into the § 3553(a) framework. The court found that 18 U.S.C. § 3553(a)(4)(A) was the most relevant factor but it does not appear to contemplate changes to a mandatory minimum by act of Congress or ruling from the courts. Lizarraras-Chacon, 2020 WL137445 at *3-4.

Roberson was not subject to the mandatory 20-year sentence because the government withdrew the enhancement as part of the plea agreement. In the absence of authority providing for consideration of the change to the mandatory minimum sentence in the context of a guidelines adjustment under Hughes, this court declines to base a sentence reduction on the change.

Roberson next asserts that the court could consider that his guidelines were based on actual methamphetamine and not a mixture, and that this court previously has disagreed with the Sentencing Commission's actual methamphetamine guidelines on numerous grounds. See United States v. Moreno, 5:19-CR-2, 2019 WL 3557889 (W.D. Va. 2019), appeal voluntarily

---

[1] In Valencia-Mendoza, the Ninth Circuit Court of Appeals found that an increase to a defendant's offense level based on a Washington state conviction for possession of cocaine that was punishable by imprisonment for a term exceeding one year was erroneous. Although the prior conviction carried a general statutory maximum term of imprisonment of five years, the statute prescribed a binding sentencing range, under which the actual maximum term of imprisonment the defendant could have received was six months, and thus the state conviction was not a felony for purposes of the Sentencing Guidelines.

dismissed, No. 19-4608 (4th Cir. Sept. 4, 2019). Roberson argues that his plea agreement was made "in the shadow of the Commission's guidelines" and that a reduction to the bottom of the actual methamphetamine guideline range, 130 months, is warranted, because the guideline range for a methamphetamine mixture weight of 50 to 150 grams would be only 77 to 96 months.

Roberson offers no authority under which the court can consider a policy argument with regard to punishment for actual methamphetamine versus a mixture of methamphetamine in the context of a Hughes sentence reduction. While it is true that in Moreno, the court varied downward in part based on a categorical policy disagreement with the methamphetamine guidelines, the procedural posture was different in that Moreno had not yet been sentenced. Roberson was found guilty and his sentence was imposed in 2014.

In Dillon v. United States, 560 U.S. 817, 831 (2010), the Supreme Court instructed that proceedings under 18 U.S.C. § 3582(c)(2) are limited in "scope and purpose" and the statute was intended to "authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Id., 560 U.S. at 826-827. Section 1B1.10 of the Sentencing Guidelines provides that a new sentence may be imposed only where application of the retroactive amendment would result in a lower Guidelines range, "leav[ing] all other guideline application decisions unaffected." Dillon, 560 U.S. at 821 (quoting U.S.S.G. § 1B1.10(b)(1)). When it has been determined that a defendant is eligible for a sentence reduction, a court may consider any applicable factors under § 3553(a). Dillon, 560 U.S. at 827; 18 U.S.C. § 3582(c)(2). However, § 3553(a) does not serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings. Id.

Roberson does not explain how §§ 3582(c)(2) or 3553(a) authorize the court to reconsider its 2014 determination that the actual methamphetamine guidelines were applicable in his case. Without authority indicating that it is proper to do so, the court cannot reconsider its earlier reliance on the actual methamphetamine guideline. Rather, the court is limited to consideration of the Amendment 782 guideline change and any appropriate § 3553(a) factors.

Roberson next asks the court, in considering the § 3553(a) sentencing factors, to consider that his criminal history category of VI overstates his criminal history. However, at the sentencing hearing there was no objection to the Presentencing Report, which assessed his criminal history category as VI, and the court adopted it. ECF No. 27. Roberson has not offered the court any reason to change its initial assessment of his criminal history.

Finally, Roberson asks the court to consider the fact that thirty-four percent of defendants convicted of methamphetamine trafficking (who did not otherwise receive below-guidelines sentences due to substantial assistance) received below-guideline sentences during the 2018 fiscal year. However, without reference to the data for the year in which Roberson was convicted, the court finds this information to be of limited value.

Moreover, the court finds that Roberson's within-guidelines sentence accurately reflects the serious nature of his offense. The record shows that after Roberson's initial arrest, he was cooperative and appeared to be working toward a substantial assistance motion. However, during the same time period, he once again started distributing drugs, and sold heroin to a woman who overdosed and nearly died. The plea agreement took into account both his cooperation and his subsequent, nearly-fatal drug trafficking. ECF No. 25. In addition, in his Sentencing Memorandum, Roberson asked the court to accept the plea

6

agreement and impose a sentence of 180 months, commenting that although the sentence was long, it struck a fair balance between the more extreme possibilities he avoided by entering into the agreement, and the consideration he should receive for his assistance to law enforcement. ECF No. 26 at 4.

Based on the foregoing, the court finds that Roberson is entitled to a reduction of his sentence to 155 months based on the holding in Hughes. An additional reduction is not justified based on the facts of this case. A sentence of 155 months takes into account the 18 U.S.C. § 3553(a) factors, including the nature and characteristics of the offense and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public.

For the reasons stated, the court **GRANTS** Roberson's motion for a sentence reduction pursuant to Hughes. ECF No. 37. Roberson's sentence is reduced from 180 months to 155 months. The Clerk is directed to send a copy of this order to the petitioner, his counsel of record, and the United States.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: 02-24-2020

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge